**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 05-50017-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TONY ODEN | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is a "Motion to Produce Court Order for Court's Recommendation for Placement in BOP 500 Hour DAPS" (Record Document 66) filed by the defendant, Tony Oden. In the motion, the defendant requests "a court document for acceptance by the Federal Bureau of Prisons to be recommended for the 500 Hour RDAP Drug After Care Program." Id.

The defendant alleges that he specifically recalls this Court recommending the 500 hour Bureau of Prison ("BOP") drug program during his September 8, 2005 sentencing hearing. See id. at 2. Based on this recollection, the defendant has requested a revised judgment and commitment order so that he can be placed on a waiting list for the 500 hour BOP drug program. See id.

This Court has reviewed not only the judgment entered on September 8, 2005, but also the transcript of the sentencing hearing. The only reference in the judgment to a drug treatment program is contained in paragraph 3 under the Mandatory Conditions heading of the Supervised Release section, which states:

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years.

**MANDATORY CONDITIONS (MC)**

. . .

3. The defendant shall submit to drug abuse treatment as indicated by the probation office, to include antabuse and drug surveillance, if indicated, and/or inpatient treatment, until such time defendant is released from supervision.

There is no reference to the 500 hour BOP drug program in the judgment. The Court also notes that the September 8, 2005 judgment fully corresponds with the sentencing hearing, as the transcript evidences that the Court did not recommend and/or mention the 500 hour BOP drug program during the sentencing hearing. During the sentencing hearing, the only reference made by the Court to a drug treatment program was the order that the defendant submit to drug abuse treatment as indicated by the probation office as part of his supervised release. Simply put, the defendant's recollection that this Court recommended his participation in the 500 hour BOP drug program during his incarceration is mistaken.

Accordingly,

**IT IS ORDERED** that Defendant Tony Oden's "Motion to Produce Court Order for Court's Recommendation for Placement in BOP 500 Hour DAPS" (Record Document 66) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 2nd day of August, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE